<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| PURDUE PHARMA L.P. and PURDUE PHARMACEUTICALS L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ELITE LABORATORIES, INC. and ELITE PHARMACEUTICALS, INC., <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> No. 23-22221 (KMW-AMD) <br><br> **MEMORANDUM OPINION AND ORDER** |

     **THIS MATTER** comes before the Court by way the joint application of Plaintiffs Purdue Pharma L.P. and Purdue Pharmaceuticals L.P. ("Plaintiffs"); and Defendants Elite Laboratories, Inc. and Elite Pharmaceuticals, Inc. ("Defendants," collectively with Plaintiffs, the "Parties"), in connection with the Parties' joint motion pursuant to Local Civil Rule 5.3(c) and this Court's September 3, 2025 Order (Dkt. No. 53) to seal the redacted portions of Defendants' Memorandum of Law in Support of the Motion to Dismiss (Dkt. No. 59); Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss (Dkt. No. 64); and Defendants' Reply Memorandum of Law in Support of Motion to Dismiss (Dkt. No. 71) also quoting, referring to, or incorporating the Confidential Exhibits. The specific portions of these filings (collectively, "Briefing") that the Parties seek to seal are provided by line in the Index of Sealing and Redactions in Support of this Motion. (Dkt. No. 72-3.)

     The background of this case was set forth in the Court's Orders dated September 3, 2025 and November 12, 2025. (*See* Dkt. Nos. 67, 73.) For the reasons set forth herein, the motion to seal the Briefing is **GRANTED in part** and **DENIED without prejudice** in part.

Local Civil Rule 5.3 governs a litigant's request to seal documents filed with the Court. L.Civ.R. 5.3(c)(3). Under the Local Rule, a party seeking to seal documents or to otherwise restrict public access must demonstrate: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L.Civ.R. 5.3(c)(3).

Here, the Court begins by noting that the Parties' request to seal the Confidential Exhibits was addressed in the Court's Order dated November 12, 2025. (*See* Dkt. No. 71.) The Court further notes that, pursuant to that order, Plaintiffs have re-filed their Second Amended Complaint ("SAC") and Exhibits K and L without redaction as to Paragraphs 38, 39, 40, and 43 of the SAC and certain portions of Exhibits K and L. (*See* Dkt. No. 76.) The Court adopts the same reasoning with respect to the portions of the briefing relying on those exhibits and finds that the applicable L.Civ.R. 5.3(c)(3) factors favor maintaining the proposed redactions in the Briefing under seal, with the following exceptions:

- Defendants' Memorandum of Law in Support of Motion to Dismiss (Dkt. No. 59):

  o The Court **DENIES** the Motion to Seal with respect to the proposed redactions on Page 7 to the extent they reference unsealed portions of the SAC and Exhibits K and R. (*See* Dkt. Nos. 59, 73, 76.)

  o The Court **GRANTS** the Motion to Seal the portion of the parenthetical on Page 7 quoting the redacted portion of Exhibit K in light of the confidential nature of that information. (*See* Dkt. No. 59 at 11.) Similarly, the Court finds that sealing is warranted as to the remaining portions of Defendants' brief sought to be sealed because they reference sealed portions of the SAC and Confidential Exhibits, which overcome the presumption of public access to court filings due to their confidential nature.

2

- Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Cross-Motion to Extend the 30-Month Stay (Dkt. No. 64):

  o The Court **DENIES** the Motion to Seal with respect to the proposed redactions on Pages 11, 12, and 14 because they reference unsealed portions of the SAC or Confidential Exhibits, except for Plaintiffs' reference to information contained in the redacted portion of Exhibit L on Page 12. (*See* Dkt. Nos. 64, 76.)

  o In light of the confidential nature of the sealed portions of Exhibit L, the Court **GRANTS** the Motion to Seal Plaintiffs' reference to that material on Page 12 ("Moreover, Exhibit L, [**REDACTED**] day before the August 17, 2023 filing date . . ."). (Dkt. No. 72-9.) The Court further finds that sealing is warranted as to the remaining portions of Plaintiffs' brief sought to be sealed because they reference sealed portions of the SAC and Confidential Exhibits, which overcome the presumption of public access to court filings due to their confidential nature.

- Defendants' Reply in Further Support of its Motion to Dismiss (Dkt. No. 71):

  o The Court **DENIES** the Motion to Seal with respect to the proposed redactions on Pages 5 and 6 of Defendants' Reply, which reference unredacted and publicly available portions of Exhibits K, L, and N. (*See* Dkt. Nos. 71, 72-10, 76.)

  o The Court **GRANTS** the Motion to Seal the remaining portions of Defendants' Reply sought to be sealed because they reference sealed information contained in the SAC and Confidential Exhibits.

Although the Court finds that limited sealing of the Briefing consistent with the Court's November 12, 2025 Sealing Order is warranted, (*see* Dkt. No. 71), the Court expresses no opinion as to whether these documents shall remain under seal for the duration of this litigation. While the Court has determined that the balance of factors under Local Civil Rule 5.3(c) weigh in favor of sealing at this time, that balance may shift as the Parties seek additional relief. Accordingly, the information sealed pursuant to this Order may be unsealed by the Court at a later date.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown,

IT IS this ____ day of March 2026, hereby:

3

**ORDERED** that the Parties' Motion to Seal (Dkt. No. 72) shall be **GRANTED** in part and **DENIED without prejudice** in part, as set forth above; and it is further

**ORDERED** that, by no later than March 25, 2026, the Parties shall re-file their respective Briefing *without* the redaction of publicly available materials as described herein, *infra*; and with the redaction of the portions of the Briefing referencing sealed information contained in the sealed portions of the SAC and Confidential Exhibits, consistent with this Memorandum Opinion and Order, and the Court's November 12, 2025 Sealing Order. (*See* Dkt. No. 71.)

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

4